## THE STATE v. TIMMONS ET AL.

CRIMINAL LAW.—*False Pretences.*—*Indictment.*—An indictment for obtaining goods under false pretences alleged, that the defendant had induced the party defrauded to exchange a certain valuable chattel for a promissory note, executed to the defendant by a person whom the defendant falsely represented to the party defrauded, to be good for his contracts, the owner of a certain chattel of a specified value, and the owner of valuable real estate, all of which representations were false.

*Held,* on motion to quash, that such representations were concerning material matters, and such as might tend to induce such party to part with such chattel.

From the Montgomery Circuit Court.

*E. C. Snyder* and *C. A. Buskirk,* Attorney General, for the State.

NIBLACK, J.—The appellees were indicted in the court below, for obtaining property under false pretences.

On their motion, the indictment was quashed, and the State has appealed to this Court.

The indictment charges, "that one John B. Timmons and one John W. Patrick, late," etc., " on the 21st day of July, A. D. 1876, at," etc., " did then and there, with intent to defraud one Bazil Tracy, feloniously and designedly represent and pretend to the said Bazil Tracy, that said John B. Timmons was the owner of a certain promissory note, executed to the said John B. Timmons by one Jackson Newkirk, which said note is in the words and figures following, to wit:

" ' $200.00.　　CRAWFORDSVILLE, Ind., May 22d, 1876.

" ' Seven months after date, I promise to pay to the order

of John B. Timmons two hundred dollars, value received, without any relief from valuation and appraisement laws of the State of Indiana, with interest at ten per cent. per annum from date until paid, and the reasonable fee·for plaintiff's attorney. JACKSON NEWKIRK.'

"That the said John B. Timmons and said John W. Patrick did then and there propose and offer to trade said note to said Bazil Tracy, for a certain brown mare which he, the said Bazil Tracy, owned, and which said mare the said Bazil Tracy then and there offered to sell to the said John B. Timmons and the said John W. Patrick, for one hundred and twenty-five dollars, upon the condition that the said Bazil Tracy would, when said note should be by him, the said Bazil Tracy, collected, pay to the said John B. Timmons seventy-five dollars out of said note.

"That the said John B. Timmons and the said John W. Patrick did then and there, in order to induce said Bazil Tracy to make said trade, feloniously, designedly and with the intent to defraud said Bazil Tracy, falsely pretend to the said Bazil Tracy, that said note was a good cash note; that the said Jackson Newkirk was good for his contracts; that said note was drawn up by Mike White, a lawyer of Crawfordsville, Montgomery county, Indiana; that said Jackson Newkirk was then and there the owner of a horse of the value of three hundred dollars, which he, the said Jackson Newkirk, had at his house in Montgomery county, Indiana; that the said Jackson Newkirk would have taken up and paid said note, but that he, the said Jackson Newkirk, wanted one hundred dollars boot money between said horse and said note, and that the said John B. Timmons did not have the money wherewith to pay said boot money, and that the said Jackson Newkirk was the owner of two good farms in Montgomery county, Indiana; that one of said farms was situated near Shannondale, and the other near Crawfordsville.

"That, by means of which said false pretences, the said John B. Timmons and John W. Patrick did then and

there induce said Bazil Tracy to make said trade, and did then and there feloniously, by means of said false pretences, he, the said Bazil Tracy, relying on the same and believing them to be true, obtain from him, the said Bazil Tracy, his said brown mare, which said brown mare was then and there of the value of one hundred and twenty-five dollars, with intent then and there and thereby him, the said Bazil Tracy, feloniously and designedly to cheat and defraud.

"Whereas, in truth and in fact, said note was not then and there a good cash note; the said Jackson Newkirk was not then and there good for his contracts; said note was not then and there drawn up by Mike White, a lawyer of Crawfordsville, Montgomery county, Indiana; said Jackson Newkirk was not then and there the owner of a horse of the value of three hundred dollars, which he, the said Jackson Newkirk, had at his home in Montgomery county, Indiana; said Jackson Newkirk would not have taken up and paid said note; that the said Jackson Newkirk did not want one hundred dollars boot money between said horse and said note, and said Jackson Newkirk was not then and there the owner of two good farms in Montgomery county, Indiana, one of which said farms was situated near Shannondale, and the other near Crawfordsville, as the said John B. Timmons and the said John W. Patrick then and there well knew."

The appellees have not favored us with a brief in the cause, and hence no formal objections are urged against the indictment here.

At least three representations are alleged to have been made by the appellees, which we think were fairly calculated to have a material influence on the mind of Tracy, in inducing him to part with his property:

First.    That Newkirk was good for his contracts;

Second.    That Newkirk was the owner of a horse of the value of three hundred dollars; and,

Third. That Newkirk was the owner of two good farms in Montgomery county, Indiana.

These representations are negatived in the indictment. They are not, perhaps, negatived as broadly and as comprehensively as they might have been, but still they are technically and substantially negatived, and we think sufficiently so under the rules of pleading in criminal causes. 2 R. S. 1876, pp. 385, 386, secs. 60, 61.

We see no valid objection to the indictment, and are of the opinion that the court erred in sustaining the motion to quash it.

The judgment is reversed, at the costs of the appellees.