THE STATE *v.* SNYDER.

CRIMINAL LAW.—*False Pretences Used to Obtain Board and Lodging.*
—*Indictment.*—The use of false representations by a third person, as to his
property, by means of which, with intent to defraud, he obtains board
and lodging, is within section 27 of the felony act, 2 R. S. 1876, p. 486,
defining the crime of obtaining goods by false pretences. See opinion
for indictment.

SAME.—*Defendant's Knowledge of Falsity of Pretences.*—The charge, in an
indictment for such crime, that the false representations were "designedly"
made with intent to defraud, imputes to the defendant a knowledge of the
falsity of his representations.

From the Allen Criminal Circuit Court.

*T. W. Woollen,* Attorney General, and *S. M. Hench,* Pros-
ecuting Attorney, for the State.

*R. S. Stratton,* for appellee.

HOWK, J.—In this case, the appellee was indicted upon a
charge of having obtained his boarding and lodging for
one week, by means of certain false pretences. The in-
dictment contained two counts, as to the second of which
counts the State, by its prosecuting attorney, with leave of
the court, entered a *nolle prosequi.* The appellee moved
the court to quash the first count of the indictment, upon
the ground that it did not state facts sufficient to constitute
a crime, under the laws of this State, which motion was
sustained by the court, and to this decision the State, by its
attorney, excepted.

From the decision of the court, in quashing the first
count of the indictment, the State has appealed to this
court, and has here assigned this decision as error. The
only question for our decision, therefore, is this : Did the
first count of the indictment against the appellee state
facts sufficient to constitute a crime, under the laws of this
State ?

Omitting the venue and title of the cause, the first count
of the indictment was in the words and figures following,
to wit:

"The grand jurors for the county of Allen, and State of Indiana, upon their oath charge and present, that on the twenty-third day of May, A. D. 1879, Charles Snyder, at said county of Allen, feloniously, designedly and with intent to defraud one Anna E. Furgeson, did falsely pretend to the said Anna E. Furgeson, that one Peter Kiser owed him between twelve hundred and fifteen hundred dollars, and that said money was on interest, and that he, the said Charles Snyder, owned a house and lot on Wayne street, in Fort Wayne, meaning in the city of Fort Wayne, Indiana, near his uncle Peter's, meaning Peter Kiser, by means of which said false pretences, the said Anna E. Furgeson relying upon and believing the same to be true, the said Charles Snyder did then and there feloniously and designedly obtain from said Anna E. Furgeson boarding and lodging for one week, said boarding and lodging being of the value of five dollars, and said Anna E. Furgeson being then and there the proprietor and manager of a boarding house, in the city of Fort Wayne, in said county and State, said boarding and lodging being then and there the property of said Anna E. Furgeson; whereas, in truth and in fact, the said Charles Snyder was not then and there the owner of a house and lot on Wayne street, in Fort Wayne, meaning the city of Fort Wayne, Indiana, near his uncle Peter's, meaning Peter Kiser, and whereas, in truth and fact, the said Peter Kiser did not then and there owe the said Charles Snyder between twelve hundred and fifteen hundred dollars, nor any sum or amount; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The question for decision, in this case, has been ably and elaborately argued by the learned attorney for the State; but, as too often happens in such cases, we have no brief from the appellee, in this court. We are entirely dependent, therefore, for information in regard to the grounds of

the decision of the court below, upon the brief of the prosecuting attorney. It will be readily seen from the first count of the indictment, that it was intended therein, and attempted thereby, to charge the appellee with the commission of the felony which is defined in section 27 of " An act defining felonies, and prescribing punishment therefor," approved June 10th, 1852, 2 R. S. 1876, p. 436. This section has often been the subject of judicial construction, and one of the two objections urged to this indictment in the court below, as we learn from the brief of the State's attorneys, namely, the insufficiency of the facts stated to constitute false pretences, under the statute, has often been insisted upon in other cases decided by this court. On this point, in the case of *Clifford* v. *The State*, 56 Ind. 245, it was said by this court : " It is true, that it is not every false pretence, on which a criminal charge may be predicated ; but such false representations of alleged existing facts, as might deceive the man of common intelligence, will support an indictment for obtaining goods under false pretences, and in such a case the party indicted ought not to be permitted to escape the punishment prescribed for the offence, upon the plea that a prudent or cautious man would not have been deceived by his false representations." *The State* v. *Magee,* 11 Ind. 154 ; *Leobold* v. *The State,* 33 Ind. 484 ; *Jones* v. *The State,* 50 Ind. 473 ; *The State* v. *Timmons,* 58 Ind. 98.

The second objection, urged by the appellee to the indictment in this case, as we are informed by the brief of the prosecuting attorney, was that the first count of the indictment, the only count before this court, was fatally defective because it contained no charge that the defendant, the appellee, knew that the false pretences, upon which the count was predicated, were false in fact. This objection to the first count of the indictment presents a question for decision, which

may be thus stated: Is it necessary that it should be charged, in an indictment for obtaining money or any thing of value, by means of alleged false pretences, that the defendant knew that the pretences were false? In this State, it is a general rule in criminal pleadings, so often recognized in the decisions of this court as to render unnecessary a citation of the cases, that where the particular act or acts constituting the offence are clearly defined in the statute, it will be sufficient to charge the offence, in the indictment, in the language of the statute. It seems to us, that this general rule is and ought to be applicable, in all its force, to the offence charged in the first count of the indictment, in this case; for this offence and the particular acts constituting the same are clearly and specifically described in section 27 of the felony act, approved June 10th, 1852.

In this section 27 it was provided, that, " If any person, with intent to defraud another, shall designedly, by color of any false token or writing, or any false pretence, obtain the signature of any person to any written instrument, or obtain from any person any money, transfer, note, bond or receipt, or thing of value; such person shall, upon conviction thereof, be imprisoned in the state-prison not less than two nor more than seven years, and fined not exceeding double the value of the property so obtained." 2 R. S. 1876, p. 436.

It will be seen from the first count, hereinbefore set out, of the indictment in this case, that the defendant, the appellee, is therein charged with the commission of the felony defined in said section 27, in almost the exact language of the section. It seems to us that the offence is charged in the first count, in this case, with sufficient clearness and certainty; for, when it is alleged, as it is in this case, that the defendant " feloniously, designedly and with intent to defraud," etc., " did falsely pretend," etc., the implication from the language thus used is so

strong as to amount to an express charge of a *scienter*, that he *knowingly* did falsely pretend, etc.   The defendant could not, we think, designedly intend to defraud, by means of false pretences, unless he knew that the pretences were false ; and the charge that he *designedly* intended to defraud, etc., necessarily, *ex vi termini*, included the charge that he *knowingly* intended to defraud, etc.   Where a design and an intent to defraud by false pretences exist as charged, there must of necessity exist a knowledge of such intent, and that the pretences are false.

We learn from the brief of the prosecuting attorney, that the court below probably relied upon the language used by this court, in the case of *The State* v. *Smith*, 8 Blackf. 489, in quashing the first count of the indictment, in the case at bar.   In the case cited it was said : " It appears to us that it " (the indictment) " should have contained the allegation that Smith knew," etc.   The substance of the indictment under consideration is set out in the opinion in that case ; and it would seem therefrom, that the technical terms of the statute, " designedly and with intent to defraud," had been omitted from that indictment, in charging the offence.   The indictment in the case cited had been found under section 24 of chapter 53 of the Revised Statutes of 1843, p. 965 ; but it will be seen that this section 24, which defined the felony of obtaining goods, etc., by false pretences, is almost identical in its verbiage and phraseology, with section 27 of the felony act of June 10th, 1852, which latter section is set out in this opinion.   If, in the case at bar, the first count of the indictment had not charged the offence in the language of the statute, which language, as we have seen, clearly imported a *scienter* on the part of the defendant, then it would have seemed to us that this objection to the first count would have been well taken, and was properly sustained ; for we are clearly of the opinion, that a

knowledge. on the part of the defendant of the falsity of his pretences is a necessary ingredient of the felony charged ; but, as before stated, where, as in this case, it is charged that the defendant designedly and with intent to defraud, etc., did falsely pretend, etc., we think that the knowledge of the defendant of the falsity of his pretences is. necessarily implied, and appears with sufficient clearness and certainty to comply with the rules. of criminal pleading established by the criminal code of this State and the decisions of this court.

In conclusion, we hold that the appellee's objections to the first count of the indictment, in this case, were neither of them well taken, and that the court below erred in quashing this count. on the. appellee's motion.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the motion to quash the first count of the indictment, and for further proceedings in accordance with this opinion.