Opinion of the court by
Mr. Justice Howk.
The appellant, Stephen S. Miller, was duly indicted, tried and found guilty, and, by the judgment below, sentenced to the State’s prison for a term of years, upon a charge of having obtained money under false pretenses. From the judgment of the Circuit Court, the appellant, Miller, has appealed to this court, and has here assigned as error, the decision of the court below, in overruling his motion to quash the indictment. It will be seen, therefore, that the only questions presented by the record of this cause, and the error assigned thereon, for the decision of this court, relate to the sufficiency or insufficiency of the indictment on which the appellant was tried and convicted.
The indictment charged in substance, that the"appellant, “Stephen S. Miller, on the 12th day of October, A. D. 1879, at said county of Jennings, and State aforesaid, did, then and there, feloniously, knowingly and designedly, and with intent to defraud one James C. Hassey, falsely pretend and represent to him, the said James C. Hassey, that he, the said Stephen S. Miller, was then and there *243 the owner of, and had on deposit to his credit in the Fourth National Bank of the city of Cincinnati, in the State of Ohio, a large sum of money, to-wit: The sum of one thousand dollars, being then and there the [money and] property of him, the said Stephen S. Miller, as he then and there represented to the said James C. Hassey, and the said James C. Hassey then and there knew the said Stephen S. Miller and had, before said 12th day of October, 1879, had business transactions with said Stephen S. Miller of an important character, and the said James C. Hassey had, before said 12th day of October, 1879, been introduced to the said Stephen S. Miller, as a man of means and large property, by one John J. Wright, whom the said James C. Hassey then and there well knew and believed to be a responsible man, and a person on whom he, the said James C. Hassey could rely and whose word he, the said James C. Hassey, could and did rely upon, and that he, the said James C. Hassey, did then and there rely upon, and believe the recommendations of the said John J. Wright, as to the solvency and business standing of the saidJStephen S. Miller, and was induced thereby to give credit to the said Stephen S. Miller’s statements and pretenses as aforesaid-; which said false pretenses were then and there made, by him, the said Stephen S. Miller, to him, the said James C. Hassey, feloniously and designedly, and the said Stephen S. Miller, then and there knowing that the same were false, for the purpose of inducing the said James C. Hassey to loan the said Stephen S. Miller the sum of twenty dollars in money, and the said James C. Hassey relying upon and believing the said false pretenses to be true, and having no means of knowing, and did not know, that the same were false, and being deceived thereby, was induced by reason thereof to loan, and did loan him, the said Stephen S. Miller, a large sum of money, to-wit: Twenty dollars in the lawful money of the United States, the same being a United States treasury-note of the denomination of twenty dollars, commonly called a Greenback, then and there of the value of twenty dollars, and being then and there the money and property of the said James C. Hassey; whereas, in truth and in fact, the said Stephen S. Miller was not then and there the owner of one thousand dollars in money, and whereas, in truth and in fact, the said Stephen S. Miller did not then and there have on deposit to his credit, in the said Fourth National Bank of *244 the city of Cincinnati, in the State of Ohio, the said sum of one thousand dollars in money, or any other sum of money, but that said pretenses were then and there false, as the said Stephen S. Miller then and there well knew,_contrary to the form of the statute,” etc.
It is apparent, we think, from the language of the indictment in this case, that it was intended therein and thereby to charge the appellant with the commission of the felony, which is defined and its punishment prescribed, in section 27 of “An act defining felonies, and prescribing punishment therefor,” approved June 10, 1852. So far as applicable to the case at bar, the provisions of said section 27 are as follows:
If any person, with intent to defraud another, shall designedly, by color of * * * any false pretense, * * * obtain from any person any money, * * * or thing of value; such person shall, upon conviction thereof, be imprisoned in the State prison not less than two nor more than seven years, and fined not exceeding double the value of the property so obtained.” 2 R. S. 1876, p. 436.
This section of the felon act has often been the subject of examination and consideration, in the decisions of this court; and the insufficiency of the facts stated to constitute false pretenses, within the meaning of the statute, has freqently been presented and relied upon, as cause for the quashing of the indictment, in other cases before this court. Upon this subject, in Clifford v. The State, 56 Ind. 245, in construing the above quoted section of the felony act of June 10, 1852, it was said by this court: “ It is true that it is not every false pretense,, on which a criminal charge may be predicated ; but such false representations of alleged existing facts as might deceive a man of common intelligence, will support an indictment for obtaining goods under false pretenses, and in such a case the party indicted ought not to be permitted to escape the punishment prescribed for the offense, upon the plea that a prudent or cautious man would not have been deceived by his false representations.” The State v. Magee, 11 Ind. 154; Leobold v. The State, 33 Ind. 484; Jones v. The State, 50 Ind. 473; The State v. Timmons, 58 Ind. 98 ; Bonnell v. The State, 64 Ind. 498; The State v. Snyder, 66 Ind. 203; Perkins v. The State, 67 Ind. 270.
In the case at bar, we are of the opinion that the facts stated in *245 the indictment were clearly sufficient to constitute a public offense under the provisions of said section 27 of the felony act, and that the appellant’s motion to quash the same, was correctly overruled by the trial court. It is claimed in argument, by the appellant’s counsel, “that the facts stated in the indictment in this cause are not such as would induce a person of ordinary care and prudence to part with his property.” In discussing this point, counsel says interrogatively: “Would any person of ordinary care and precaution have loaned the appellant, or any stranger or tramp, twenty dollars or any other sum, merely because the stranger said he had one thousand dollars or any other sum in some bank out of the State ? ” Counsel think that this court will promptly answer his question in the negative, and so, perhaps, we might, if the record of this cause had presented his question in the precise terms in which counsel has expressed it. But there is nothing in the record to indicate that the appellant, at the date of the transaction on which the indictment is predicated, was a stranger to the prosecuting witness, James C. Hassey, or that he, the appellant, was what, in modern times has been aptly termed a “tramp,” a wandering, homeless vagabond. On the contrary, the indictment charged that, before that date, Hassey knew the appellant, and had transacted business with him of an important character, and that he had been introduced to Hassey as a man of means and large property.”
The court did not err, we think, in overruling the appellant’s motion to quash the indictment.
The judgment is affirmed at the appellant’s costs.