State v. Barbee.

THE STATE v. BARBEE, *Appellant*.

Division Two, December 15, 1896.

Criminal Law : ᵥFALSE PRETENSE: INDICTMENT: CONSTITUTION. An indictment under the statute (R. S. 1889, section 3564) declaring it an offense for any one, designedly, by false writing or other false pretense, to obtain money, etc., from another, which charges that the defendant procured the payment by a bank of overdrafts drawn on it by him, by falsely representing that he was the owner of a certain note, but fails to allege the date, amount, or time of maturity of the note, or that the maker thereof was solvent, or was represented by defendant to be solvent, or that the overdrafts were authorized by defendant's representations, or that the bank was induced to pay them in consequence of belief in and reliance on said representations and which fails to aver the dates, amounts, or payees of such overdrafts, is bad for uncertainty, under section 22 of the bill of rights requiring that "in criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation."

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Lavelock, Kirkpatrick & Divelbiss* for appellant.

(1) The indictment is insufficient. It does not state any conditions on which the Farmers Bank of Polo was to pay money to or for defendant, nor does it state how any money was obtained by him. This was imperatively necessary. 1 Bishop on Crim. Pro. [3 Ed.], secs. 508, 509; *State v. Bonnell*, 46 Mo. 395;

*State v. Saunders*, 63 Mo. 482; *State v. Hathaway*, 106 Mo. 239; *Com. v. Strain*, 10 Metc. 521; *Com. v. Goddard*, 4 Allen, 212. (2) The alleged false pretense must be one calculated to mislead an ordinarily prudent man. If the statement, whether true or false, would not be calculated to induce a reasonably prudent man to part with his money, then the criminal law takes no notice of the wrong, and no crime has been committed. Rapalje on Larceny & Kindred Offenses, sec. 404; *State v. Vorback*, 66 Mo. 178; *State v. Cameron*, 117 Mo. 641; *State v. Grady*, 13 Bush (Ky.), 285; *State v. Summer*, 10 Vt. 587; 33 Am. Dec. 219; *People v. Williams*, 4 Hill (N. Y.), 9; 40 Am. Dec. 258. (3) In charging a felony the particular acts constituting the substantive crime must be distinctly and specifically alleged. 1 Bishop on Crim. Pro. [3 Ed.], secs. 86–88; *State v. Green*, 111 Mo. 588; *State v. Kirby*, 115 Mo. 447; *State v. Rector*, 126 Mo. 340; *State v. Evans*, 128 Mo. 412.

*R. F. Walker*, attorney general, for the state.

The indictment in this case is in the usual form and clearly charged the offense of which the defendant has been convicted. There is no error in the record proper and the judgment should be affirmed.

SHERWOOD, J.—The defendant was indicted under section 3564, Revised Statutes, 1889, for obtaining $329.75 from the Farmers Bank of Polo, by means of false pretenses. Being tried, he was convicted and his punishment assessed at two years' imprisonment in the penitentiary.

The indictment, so far as necessary to quote it, is the following:

"That, William O. Barbee, at the county of Caldwell and state of Missouri, on or about the twenty-fourth

day of October, 1894, did unlawfully, feloniously, designedly, and knowingly, with intent to cheat and defraud the Farmer's Bank of Polo in said county, a corporation duly incorporated under and by virtue of the laws of the state of Missouri for banking purposes, out of a large sum of money, to wit: the sum of three hundred and twenty-nine dollars and seventy-five cents, lawful money, did falsely pretend to one Manford Kern, cashier of said bank aforesaid, that he the said Barbee, was then and there the owner of a certain promissory note given in payment of a load of cattle sold by him to one William Watson, said note being made, executed, and delivered by said William Watson for the purchase price thereof, and so stated as aforesaid for the purpose aforesaid, and the said Manford Kern, as cashier aforesaid, believing the said false pretenses so made as aforesaid, and being deceived thereby, was induced by reason thereof to pay divers overdrafts on said bank on said day and within five days thereafter, drawn by said Barbee on said bank, and on account of said overdrafts or checks the said Barbee received from said bank through said Kern as cashier the sum of three hundred and twenty-nine dollars and seventy-five cents, lawful money of the United States, and of the value of three hundred and twenty-nine dollars and seventy-five cents, and the said Barbee by means of the said false pretenses and then and there well knowing them to be false so made by said Barbee as aforesaid to said Kern as cashier aforesaid, unlawfully, feloniously, designedly, and knowingly did obtain of and from said bank through said Kern, cashier as aforesaid, the said sum of three hundred and twenty-nine dollars and seventy-five cents, lawful money, of the value of three hundred and twenty-nine dollars and seventy-five cents, of the money and property of said bank with intent it—the said bank—then and there

to cheat and defraud of the same, whereas, in truth and in fact said Barbee was not then and there the owner of said note as he then and there well knew, and said pretense was wholly false and untrue, and against the peace and dignity of the state."

The only question the record presents, is the sufficiency of the indictment, and for that reason it has been set forth. That portion of section 3564, *supra*, on which the indictment is based is in these words: "Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, right in action or other valuable thing or effects whatsoever."

Section 22 of our bill of rights declares that: "In criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation." A declaration tantamount to this is made by article 6, amendment to the constitution of the United States.

The indictment herein does not state the date nor the amount of the note mentioned therein, nor when due and payable. Nor does it allege that said Watson was solvent or was represented to be solvent by defendant. Nor does it allege that in consequence of such representations defendant was authorized to draw drafts or overdrafts on the bank; nor that the bank agreed to pay such drafts in consequence of a belief in, and reliance upon, defendant's representations as to the fact that he was the owner of the Watson note, nor are any conditions, terms, or agreement on which the bank was to part with its money stated; nor is it stated in whose favor such overdrafts were drawn; nor the dates or amounts thereof. Now all these things would have to have been proved in order to convic-

tion, and so it was necessary that they should have been alleged, because what is not alleged is not allowed to be proved, and because, further, the law, guided by the same beneficent spirit which presumes innocence until guilt be established, will presume that what the indictment does not charge does not exist. *Mears v. Com.*, 2 Grant's Cas. (Pa.) 385.

The object and absolute necessity of certainty in criminal proceedings has been so often adverted to in this court, and at every term, that it would seem a needless repetition to advert to it again, did not the case at bar forcibly admonish us to the contrary.

Certainty "may be defined a clear and distinct setting down of facts, so that they may be understood both by the party who is to answer the matters stated against him, the counsel who are to argue them, the jury who are to decide upon their existence, and the court who are the judges of the law arising out of them." Lawes, Pl., 53. See, also, *King v. Griffith*, 3 Mod. 201.

So frequently has this non-observance of this rule requiring *certainty* in an indictment, and that it "must contain an allegation of every fact which is legally essential to the punishment to be inflicted" (1 Bishop, Crim. Proc. [3 Ed.], sec. 81), been iterated and reiterated by this and other courts, that it seems like a work of supererogation to further mention it. So that we shall rest content by merely citing a few of the cases supporting this view. *State v. Bonnell*, 46 Mo. 395; *State v. Saunders*, 63 Mo. 482; *State v. Hathaway*, 106 Mo. *loc. cit.* 239, 240; *State v. Hayward*, 83 Mo. 299; *State v. Terry*, 109 Mo. 601; *State v. Sekrit*, 130 Mo. 401; *State v. Stowe*, 132 Mo. 199; *State v. Miller*, *Ibid.* 297; *Com. v. Strain*, 10 Met. (Mass.) 521; *Com. v. Goddard*, 4 Allen, 312; *People v. Gates*, 13 Wend. 311.

Furthermore, it is well settled law, both in this state and elsewhere, that it is not *every false pretense* which can be made the basis of a criminal prosecution. It must be such an one as is calculated to deceive. Rapalje on Larceny, etc., sec. 404, and cases cited; *State v. Cameron*, 117 Mo. *loc. cit.* 648, and cases cited.

Now in this case we know (because the indictment does not charge it), that defendant did not represent to Kern that Watson was *solvent.* Taking this as true, it is utterly inconceivable that Kern could have been induced and deceived into parting with the money of the bank, on the mere naked and unsupported assertion of defendant that he was the owner of a note on Watson for an uncertain amount, and due and payable at a day uncertain. Such representations made in such circumstances are calculated to deceive no one, and, therefore, if made, constitute no crime. Thus, in further illustration of this point it has been ruled that: "A sale of goods induced by the buyer's false representations that he had in his office a certain quantity of property liable to his debts, as a means of obtaining credit, will not warrant an indictment. Common prudence would require the prosecutor to resort to other information." Rapalje on Larceny, etc., sec. 406; *State v. DeHart*, 6 Baxt. 222.

Moreover, it must be clear that even if defendant had represented to Kern that Watson was solvent, etc., etc., and such representations were false and made with intent to defraud, still *no crime was committed*, unless the indictment shows and specifically sets forth that *something else* was done by defendant in addition to and after making the false pretense. This the indictment does not do, because it does not appear therefrom that the overdrafts were drawn by defendant *after the false pretense was made.* From

aught appearing in the indictment to the contrary, the overdrafts were in existence and outstanding in the hands of third parties *at, and before* the time when the alleged false representation was made, since the language of the indictment is perfectly consistent with this idea, and perfectly consistent with the further idea, as expressed in the indictment, that Kern "was induced by reason thereof to pay divers overdrafts on said bank on said day and within five days thereafter, drawn by said Barbee on said bank, and on account of said overdrafts or checks said Barbee received from said bank," etc. But if the overdrafts were made *prior* to making the false pretenses, and the payments made after that; if this is the correct view of the matter, then on the face of the indictment no crime is charged, because, from the indictment, it does not appear *how this was*, and it is the duty of the pleader in drafting an indictment to distinctly charge the facts which constitute the crime; they must not be equivocally stated, because nothing can be left to inference or intendment.

For these reasons we reverse the judgment and remand the cause. All concur.