## DUDLEY McCoy v. The State.

### No. 4009.   Decided May 19, 1909.

### Rehearing Denied June 23, 1909.

**1.—Theft—Possession—Charge of Court.**

Where upon appeal from a conviction of theft the record did not support appellant's contention that there was no evidence showing that the alleged property had been taken from the prosecutrix, there was no error.

**2.—Same—Fraudulent Taking—Charge of Court.**

An objection to the charge of the court on the ground that it is vague, indefinite and misleading, is too indefinite to be considered on appeal. Furthermore, the charge of the court is correct in the definition of fraudulent taking.

**3.—Same—Charge of Court—Alibi.**

Where upon trial for theft the court correctly charged on alibi, as applied to the evidence, there was no error.

**4.—Same—Charge of Court—Defendant as a Witness.**

Upon trial for theft there was no error in the court's charge that defendant did not have to testify and that the jury must not consider his failure to testify as a criminative circumstance.

**5.—Same—Circumstantial Evidence—Charge of Court.**

Where upon trial for theft the court's charge on circumstantial evidence was according to approved precedent, there was no error.

**6.—Same—Evidence—Value.**

Upon trial for theft of a watch, there was no error in permitting the prosecuting witness to tell what she gave for the watch; besides the evidence showed that the property taken was worth more than $50.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Heidingsfelders,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of theft and his punishment assessed at two years confinement in the penitentiary.

The record before us shows the court adjourned on the 30th day of January, 1909, after having granted a twenty day order for the filing of the statement of facts in this case. The statement of facts was filed March 1, 1909. This being true, the same can not be considered in passing upon the questions in this record. We find no bill of exception in the record, and in the absence of statement of facts and bill of exception there is nothing suggested herein that authorizes a reversal of the case.

The judgment is accordingly affirmed.

*Affirmed.*

ON REHEARING.

June 23, 1909.

BROOKS, JUDGE.—This case was affirmed on a previous day of this term, and now comes before us on motion for rehearing. We were mistaken in holding in the original opinion that the statement of facts was not filed in time.

In the second ground of the motion for a new trial appellant complained of the following charge of the court: "If you believe from the evidence beyond a reasonable doubt that about the time and place as alleged in the indictment the defendant, Dudley McCoy, did fraudulently take corporeal personal property, to wit: that alleged in the indictment or any part thereof of the value of fifty dollars or more belonging to Mrs. M. Lucas from the possession of the said Mrs. M. Lucas without her consent and with the intent to deprive the said Mrs. M. Lucas of the value of said property, and to appropriate the same and the value thereof to his own use and benefit, then you will find him guilty and assess his punishment at confinement in the State penitentiary for a term of not less than two nor more than ten years." Appellant objected to said charge because said paragraph of the court's charge, among other reasons, is not the law applicable to the facts in this case, and further that there was no evidence showing that any property was taken from the possession of Mrs. M. Lucas because the evidence in this case shows that if any property was taken from Mrs. M. Lucas that it was taken from a room and there was no evidence showing her possession of said room and therefore said paragraph is incorrect and worked to the detriment of the defendant. The evidence does not support appellant's contention. It shows that the prosecuting witness did have possession of the room and the watch was taken out of her possession.

The third ground of the motion complains of the following charge: "By 'fraudulent taking,' as used above, is meant that the person taking knew at the time of the taking, if any, that the property was not his own; that the property was taken, if taken at all, without the consent of the owner, and that the property was taken, if taken with intent to deprive the owner of the value of the same and to appropriate it to the use or benefit of the person taking." Appellant

objected to this charge on the ground that it is vague, indefinite and misleading. The objections are too indefinite to be considered. Furthermore, the charge is correct.

The court charged on this issue of alibi very properly. However, appellant objects to the charge on the issue of alibi, which charge is as follows: "If the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the time and place when and where said property was fraudulently taken from the possession of Mrs. M. Lucas, if you find that the same was taken, then you will find the defendant not guilty." Appellant insists this charge is erroneous because it tells the jury that if the evidence raises in their minds a reasonable doubt as to the presence of the defendant at the time and place when and where said property was fraudulently taken from the possession of Mrs. M. Lucas, etc.; that the jury should have been instructed that if they believed from the evidence that the defendant was not present at the time and place of the taking, etc., and was not and could not be the person who committed the offense charged, if they find any offense was so committed, or if they had a reasonable doubt thereof, find defendant not guilty. The charge is correct. The criticism is hypercritical.

Nor was there any error in the court telling the jury that defendant did not have to testify and they must not consider his failure to testify as a criminative circumstance. The charge is not on the weight of the evidence, but has been repeatedly approved by this court.

Appellant further complains of the charge of the court on the law of circumstantial evidence. The charge given by the court has been repeatedly approved by this court.

There was no error in permitting the prosecuting witness to tell what she gave for the watch. It is one of the bases for ascertaining its value. Furthermore, the evidence shows the property taken was worth more than fifty dollars.

Finding no error in the record, the motion for rehearing is in all things overruled.

*Overruled.*