6055. McLENDON v. THE STATE.

WADE, J. 1. Where an accusation, based on section 703 of the Penal Code, charges one with cheating and swindling by fraudulently obtaining credit through false and fraudulent representations as to his ownership of property therein described, it is not essential for the accusation to allege specifically in whom the ownership of the property was in fact vested. If the accused falsely and fraudulently represented that the

title to the property was in him, and the property described and claimed by him was actually in existence, it was wholly immaterial in what person other than himself the title may have been vested. It must be charged that the person alleged to have been defrauded was deceived by the representations and thereby suffered loss, etc.

(a) The accused in such a case may establish a complete defense by showing that he did not knowingly make false representations as to his ownership of the property as alleged, or that the representations were true when made, and the real title to the property was then actually vested in him.

2. An allegation in such an accusation that certain false and fraudulent representations were made "to the firm of Rice & Phelps, a partnership composed of W. B. Rice and W. T. Phelps," as to the ownership of described property, etc., was not sufficiently definite, as the accused was entitled to know the specific person or persons to whom the representations were made.

(a) Proof that the representations were made to an agent of the firm, and thus to the firm, would not be admissible under such an allegation. The particular person to whom the representations were made should be named in the accusation, in order to enable the accused to properly prepare his defense, and the proof should strictly conform to the allegations and show that the representations were made to the identical person or persons named in the accusation.

3. Where such an accusation charges that certain representations "were false and fraudulently made," with "intent to defraud," etc., a further specific allegation that the accused knew that the alleged false representations were false at the time they were made is not essential. If the representations were in fact false and were made with intent to deceive, this would necessarily imply that the defendant knew the falsity of the representations when they were so made. See State v. Switzer, 63 Vt. 604 (25 Am. St. R. 789); State v. Snyder, 66 Ind. 206-7; Commonwealth v. Hulbert, 12 Met. (Mass.) 448 (2). If an accusation charges that the accused "knew" that the representations made by him were false, the allegation must be supported by proof, as was held in Carlisle v. State, 2 Ga. App. 651 (58 S. E. 1068).

4. Where one is charged with fraudulently obtaining credit (Penal Code, § 703) by making false representations as to his wealth, ownership of property, etc., the accusation must not only charge that a person named was defrauded of money, or of some other valuable thing, but it must further charge that the credit extended to the accused was so given and extended upon the faith of said representations.

(a) The charge in this case that the defendant, "by said representations [referring to the alleged fraudulent representations as to his unencumbered ownership of property] of his wealth and respectability did obtain a credit of $300 from said firm and did get possession of $300 worth of corn," sufficiently set forth that the credit granted or the alleged advances made were made on the faith of the truth of the representations.

5. Where an accusation charges that the defendant represented that certain property belonged to him, and was "free and unencumbered," etc., when in fact the defendant did not own the property described, and the said

property was not "free and unencumbered as represented by him," the accusation should set forth the nature and character of the encumbrances on the property.

6. For the reasons stated above, the court erred in overruling the demurrer to the accusation; and since what thereafter happened in the trial was therefore nugatory, it is unnecessary to discuss the remaining assignments of error, based on what occurred thereafter in the trial.

*Judgment reversed.*

DECIDED MAY 4, 1915.

Accusation of cheating and swindling; from city court of Dublin—Judge Hicks. October 12, 1914.

*Burch & Burch*, for plaintiff in error.

*George B. Davis, solicitor, M. H. Blackshear, J. S. Adams,* contra.