### 6893. CULURIS *et al. v.* THE STATE.

The demurrer to the indictment should have been sustained.

DECIDED NOVEMBER 19, 1915.

Indictment for misdemeanor; from Whitfield superior court—Judge Fite. July 27, 1915.

*Joseph Law,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

BROYLES, J. Gus and Cliest Culuris were indicted for the offense of cheating and swindling. So much of the indictment as is relevant to our purpose is as follows: "For that the said Gus Culuris and Cliest Culuris, on the 16th day of February, in the year nineteen hundred and fifteen, in the county aforesaid, did then and there, unlawfully and with force of arms, claiming that they were operating under the name of Culuris Brothers, falsely and fraudulently representing to one J. L. Wallace that they had a lease on a certain building in Dalton called the Cannon building, and that they had four thousand dollars in money and were going to put in a stock of goods and run a store in said building, and that they wanted certain work done on said building, and that they would pay for it; and by thus making said false and fraudu-

lent representations and statements the said Culuris Brothers did induce the said Wallace, who relied upon and believed said false and fraudulent representations and statements as true, to make, contract for, and do certain work in putting in floor and other work on said building, which work was worth the sum of one hundred dollars; when in truth and in fact the said Culuris Brothers did not intend to pay for said work and did not intend to run a store in said building and have not paid said Wallace for said work; whereby the said Wallace was cheated and defrauded out of the sum of one hundred dollars, and the value there, and was imposed upon and damaged in said sum by relying upon and believing said false and fraudulent representations and statements as made as aforesaid; the said Culuris Brothers knew when they made said false and fraudulent representations and statements as aforesaid that they were false and fraudulent, and that the said Wallace relied upon and believed them as true when he extended credit and did the work on said building as aforesaid."

The accused filed the following demurrer: "Now come the defendants in the above stated cause, and, reserving their right to plead, file this their demurrer to said indictment: 1. By demurring generally that no offense is charged in the indictment. 2. By demurring specially. Defendants ask that indictment be dismissed because no contract, with the terms, is alleged. 3. Because a demand for payment and a refusal to pay is not alleged. 4. Because it does not appear in the indictment that any money was due to prosecutor for work done. 5. Because it does not appear that any work was completed; neither does it appear that any date of payment has elapsed. 6. Because indictment says 'Floor and other work,' that should be specific. Wherefore defendants pray that this indictment be dismissed."

In our opinion the demurrer should have been sustained. The averments in the indictment are entirely too vague, and not sufficient to constitute the basis of a prosecution for cheating and swindling.                              *Judgment reversed.*