[No. 14224.   Department Two.   January 12, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v. J. PETTVIEL, *Appellant*.[1]

CRIMINAL LAW—TRIAL—INSTRUCTIONS—COMMENT ON FACTS. An instruction that, in order to convict the accused of larceny, the state must prove beyond a reasonable doubt that the accused made certain false or fraudulent representations or pretenses as set forth in the information is not objectionable as a comment on the evidence.

LARCENY — INFORMATION — SUFFICIENCY — STATUTES. Rem. Code, § 2601, in defining larceny, does not make guilty knowledge an essential element of the crime except by implication from the phrases "with intent to deprive or defraud the owner thereof . . . by color or aid of any fraudulent or false representations"; and it is not necessary to charge or prove facts or elements not specifically included in the definition of the crime charged.

[1]Reported in 169 Pac. 977.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 22, 1916, upon a trial and conviction of grand larceny. Affirmed.

*Welch & Dore,* for appellant.

*Alfred H. Lundin, John D. Carmody,* and *Lane Summers,* for respondent.

MORRIS, J.—Appeal from a conviction of grand larceny. The error alleged is in the charge to the jury. The information was laid under Rem. Code, § 2601, providing, so far as is here material, that:

"Every person who, with intent to deprive or defraud the owner thereof . . . (2) Shall obtain from the owner or another the possession of or title to any property, real or personal, . . . . by color or aid of any fraudulent or false representation, personation or pretense . . . steals such property and shall be guilty of larceny."

The information charged that the accused "did then and there wilfully, designedly, falsely, fraudulently, unlawfully and feloniously" make to the prosecuting witness "certain fraudulent and false pretenses and representations" (enumerating them) which the prosecuting witness believing and relying upon and being deceived by the "false and fraudulent pretenses and representations so made," was then and there induced to pay to the accused the sum of $75, which said sum the accused "wilfully, designedly, unlawfully, fraudulently and feloniously received and obtained" from the prosecuting witness "by means of said false and fraudulent pretenses and representations with intent then and there to deprive and defraud"—then follow allegations of the falsity of the representations—"as he the said J. Pettviel, alias Frenchy, then and there well knew,"

In instructing the jury, the lower court read the information to them and defined the crime as outlined in the statute, and then proceeded as follows:

"To convict this defendant of the crime therein charged, the state must prove to you beyond a reasonable doubt:

"(1)  That, on or about the 30th day of November, 1915, this defendant, J. Pettviel, alias 'Frenchy,' made to one Ben Smathers certain false or fraudulent representations or pretenses, as set forth in the information herein.

"(2)  That the said Ben Smathers then and there believed said false or fraudulent representations or pretenses and relied thereon and was deceived thereby.

"(3)  That, by color or aid of said false or fraudulent pretenses or representations, this defendant obtained from said Ben Smathers property of the said Ben Smathers.

"(4)  That this defendant so obtained said property with intent to deprive and defraud the said Ben Smathers thereof."

It is against this portion of the instruction that error is alleged, the contentions being, first, that the court failed "to tell the jury that it was necessary to find that the representations set forth in the information were false, but took it upon himself to declare that the statements set forth in the information were false, and that the language of the court in the first paragraph of the instruction amounted to a comment upon the facts." The second error is "that the court failed to tell the jury that the defendant cannot be convicted unless he knew the representations were false."

The instruction is not subject to the first criticism as being a statement by the court that the representations made by the defendant were false or as a comment on the facts. The jury is clearly told that, in order to convict the defendant, the state must prove beyond a reasonable doubt that, at the time designated in the information, the defendant made "certain false or fraudulent representations or pretenses as set forth in the information." As so charged, the jury could receive no other impression than that the falsity of the statements must be proved by the state beyond a reasonable doubt. *State v. Fenton*, 30 Wash. 325, 70 Pac. 741.

Upon the second point, it will be noticed that the statute in defining the crime charged does not make guilty knowledge

an essential element of the crime, except in so far as guilty knowledge is included by implication within the phrases "with intent. to deprive or defraud the owner thereof . . . by color or aid of any fraudulent or false representations, personation or pretense." In seeking a conviction under this larceny statute, the state is not required to either charge or prove facts or elements not specifically included within the definition of the crime charged. *State v. Martin*, 94 Wash. 313, 162 Pac. 356.

That guilty knowledge is implied in the words used in the statute and found in the instruction can hardly be denied, save in an extremely hyper-critical and far-fetched objection of the character no longer favored in the law. Intent is a mental condition. To intend to defraud by color or aid of false or fraudulent pretenses or representations includes knowledge and excludes mistake. To intend to defraud is to be conscious of that intent; to be conscious of an intent is to have knowledge of that intent. To charge the jury that the state must prove beyond a reasonable doubt the elements included in the instruction is a charge that it must prove guilty knowledge. The better authorities support these conclusions in interpreting statutes such as ours. In *State v. Ryan*, 34 Wash. 597, 76 Pac. 90, the accused was informed against for obtaining money under false pretenses. The information was attacked upon several grounds, among them, that it failed to charge that the alleged pretenses were relied on by the prosecuting witness. The court pointed out that the information was in the language of the statute and, as so charged, was sufficient, and that the objection that the information in alleging that the property was obtained by the accused by means of the false pretenses with intent to defraud was, by implication, an averment that the alleged pretenses were relied upon, basing its ruling upon the doctrine of the better reason, and is in accord with the spirit of our statute that any criminal element necessarily implied need not be specifically averred. It follows that if, under

the statute, it need not be specifically alleged, it need not be specifically proved. Our statute does not make the obtaining of property by color or aid of false pretenses a crime unless the false pretenses are made "with intent to deprive or defraud." There could hardly be an intent to defraud by color or aid of false pretense unless the false pretense was made by one who knew the falsity thereof. Bishop recognizes this in his definition of false pretense:

"A false pretense is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value." 2 Bishop, New Criminal Law, § 614.

In *State v. Wilson*, 143 Mo. 334, 44 S. W. 722, it is said that charging acts as feloniously and fraudulently done with intent to defraud is good against an attack upon the ground of failure to charge the act as designedly done, the statute under which the indictment was drawn not containing the word "designedly." So in *McLendon v. State*, 16 Ga. App. 262, 85 S. E. 200, it is held that it is not necessary to charge guilty knowledge in a prosecution of this character where it is alleged that the representations were falsely and fraudulently made with intent to defraud, saying:

"If the representations were in effect false and were made with intent to deceive, this would necessarily imply that the defendant knew the falsity of the representations when they were so made."

In *McCoy v. State*, 50 Tex. Cr. 551, 120 S. W. 858, it is said:

"By 'fraudulent taking,' . . . is meant that the person taking knew at the time of the taking, if any, that the property was not his own; that the property was taken, if taken at all, without the consent of the owner, and that the property was taken, if taken, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking."

In *United States v. Twenty Boxes of Cheese*, 163 Fed. 369, the court says: "The words 'fraudulently, falsely and wil-

fully' imply the necessity of guilty knowledge and intent." Similar holdings are made in: *Adams v. Barber*, 157 Mo. App. 370, 139 S. W. 489; *Hagood v. State*, 5 Ga. App, 80, 62 S. E. 641; *State v. Brady*, 100 Iowa 191, 69 N. W. 290, 62 Am. St. 560, 36 L. R. A. 693; *State v. Smith*, 63 Vt. 201, 22 Atl. 604; *Commonwealth v. Hulbert*, 12 Metc. (Mass.) 446; *State v. Switzer*, 63 Vt. 604, 22 Atl. 724, 25 Am. St. 789; *Hatcher v. Dunn*, 102 Iowa 411, 71 N. W. 343, 36 L. R. A. 689; 7 Am. & Eng. Ency. Law (2d ed.), p. 661.

Finding no error, the judgment is affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.