JENNIE LOU BOYD v. THE STATE.

No. 13640. Delivered November 26, 1930.
Reported in 32 S. W. (2d) 1113.

The opinion states the case.

*Davenport & Crain* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; penalty, confinement in the penitentiary for a period of five years.

From the State's testimony the following appears: J. W. Morgan was accosted by two women. They seized him, and one of them held a knife at his throat while the other rifled his pockets and took therefrom sixty dollars in money.

The appellant was arrested soon after the transaction, and about her premises were found some articles which were claimed by Morgan to have been in the pocket-book that had been taken from him. The appellant testified and denied that she was a participant in the robbery. Her identity, however, was vouched for by the testimony of the injured party. There were some additional circumstances not necessary to relate which tended to connect her with the transaction.

There are no bills of exception challenging the ruling of the court in the admission of the testimony. There are two objections to the charge of the court. In one of them, the complaint is that the evidence was not such as to justify the submission of the law of principals. In the other, the complaint is made that it shifts the burden of proof. Morgan's testimony that his assailants were two in number clearly justifies the submission of the issue of principals. The fifth subdivision of the charge submitting the issue of alibi is in language in substance such as has been approved on many occasions. It was assailed upon the ground that it shifted the burden of proof. We think it is not justly subject to that criticism, but on the contrary, sufficiently presented the issue. See McCoy v. State, 56 Tex. Cr. R. 551, and other cases collated in Branch's Crim. Law, p. 13, sec. 32.

The judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.