27617. CARR *v.* THE STATE.

DECIDED SEPTEMBER 12, 1939.

*Sibley & Allen,* for plaintiff in error.
*C. S. Baldwin Jr., solicitor-general,* contra.

MacINTYRE, J. One ground of demurrer is that the false representations stated in the indictment amounted merely to an opinion as to the value of the used cars at a forced sale, and as to the value of the open accounts and notes of Carr Motor Company. It has been said: "It being the common understanding that opinions

expressed by persons negotiating in trade are not mutually regarded as facts on which the listening party is to base his action, one's false statement as to what is his opinion is not a statutory false pretense. The pretense must be of a fact, as distinguished from the statement of the speaker's mind, and of a nature to be known by him. Thus, . . an indictment was held not to charge an offense, which set out that the defendant falsely pretended a sum of money, parcel of a certain larger sum was 'due and owing' him for work he had done for the persons to whom the pretense was made. This was not an allegation of fact; because it might be satisfied in the proof by showing a mere opinion concerning a complication of fact and law." 2 Bishop's Criminal Law, 246, § 429. "If we look to the reason of the law, and especially to its words, we shall see that its aim is to prevent cheating, and the specific cheat denounced is that by a 'false pretense.' Now, a mere opinion is not a pretense, but any statement of a present or past fact is. When two men are negotiating a bargain, they may express opinions about their wares to any extent they will; answering, if they lie about the opinions, only to God, and to the civil department of the law of the country. But when the thing concerns fact, as distinguished from opinion, and a man knowingly misstates the fact, his words amount to a false pretense." 2 Bishop's Cr. L. 260, § 454. In illustrating the principle above stated, the Supreme Court of North Carolina in State v. Hefner, 84 N. C. 644, 646, said: "If one in selling a tract of land makes false and exaggerated representations of its fertility, etc., that will not be indictable; but if he falsely states that there is a house on the land, that is a false pretense, because it is a false statement of a subsisting or specific fact." The Supreme Court of Michigan, in People v. Jacobs, 35 Mich. 36, said: "Representations concerning the value of the lots to be mortgaged can not be construed as anything beyond mere matter of opinion, and it is not to be supposed the expression would be understood in a sense more absolute." The Code, § 38-1709, declares: "Direct testimony as to market value is in the nature of opinion evidence." In the instant case the indictment does not exclude the idea that the representations made with reference to used cars, the accounts, and the notes were only false and fraudulent estimates of their value, and the estimate may involve many questions of law and fact. It

may involve the price to be paid for the used cars, the value of the used cars, the accounts and notes then owing, the credit to be given, and the terms of the payments.

We do not think that the criminal statute was ever intended to extend to cases where the transaction between the parties is really one of negotiating and obtaining a loan on property, although there may be a degree of fraud (amounting only to civil liability) in the representation made by the borrower. In order for the pretense to be criminal, it must be of a fact as distinguished from the state of the speaker's mind. It is consistent with the language of the indictment in the instant case that there was not a false representation of an existing fact, but only a false estimate of the value of the used cars, the accounts, and the notes—a statement of an opinion. The statement of such an erroneous opinion, even if untrue or false, will not sustain an indictment. Regina v. Oats, 169 English Reports, Reprint, 804, 808. See also *Vaughn v. State,* 36 *Ga. App.* 675 (137 S. E. 854) ; *McLendon* v. *State,* 16 *Ga. App.* 262 (4) (80 S. E. 200). The State contends that "the allegations that Carr Motor Company had ample assets to pay said note when due can be regarded as surplusage and can be eliminated entirely from the indictment without hurting anything." If the State should eliminate these allegations from the indictment, we would have a mere naked representation that the defendant was a member of a partnership, Carr Motor Company. Is it then conceivable that Fowler could have been induced and deceived into parting with his money by a mere naked and unsupported assertion that the defendant was a member of a partnership (Carr Motor Company), without some such allegation that the partnership was solvent, or some allegation as *would make it appear* that the partnership was able to pay? We think not. State v. Barbee, 136 Mo. 440 (37 S. W. 1119) ; 2 Bishop's Cr. L. 244, § 425(2). The indictment does not set out a crime of cheating and swindling, and the judge should have sustained the general demurrer. *Culuris* v. *State,* 17 *Ga. App.* 373 (86 S. E. 1074) ; *Livingston* v. *State,* 17 *Ga. App.* 136 (86 S. E. 449) ; State v. Hefner, supra.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*