### 39625. NORMAN v. THE STATE.

FRANKUM, Judge. R. L. Norman was tried and convicted in the City Court of Gwinnett County on an accusation charging him with cheating and swindling "Towler Motor Company, a partnership consisting of James Towler, Dewey Towler and W. T. Towler", out of certain described property "by using certain deceitful means and artful practices" and by making certain false and fraudulent representations to the "said partnership." Before joining issue on the accusation the defendant demurred to the same, which demurrer was overruled. The defendant excepted to the overruling of his demurrer and the denial of his motion for new trial. *Held:*

The defendant contends by a ground of his demurrer that the accusation fails to allege to whom the alleged false and fraudulent representations were made, and that the accusation charges him with cheating and swindling "a partnership" rather than a "person."

This court held in *McLendon v. State,* 16 Ga. App. 262, 263 (2) (85 SE 200): "An allegation in . . . an accusation that certain false and fraudulent representations were made 'to the firm of Rice & Phelps, a partnership composed of W. B. Rice and W. T. Phelps,' as to the ownership of described property, etc., was not sufficiently definite, as the accused was entitled to know the specific person or persons to whom the representations were made. (a) Proof that the representations were made to an agent of the firm, and thus to the firm, would not be admissible under such an allegation. The particular person to whom the representations were made should be named in the accusation, in order to enable the accused to properly prepare his defense, and the proof should strictly conform to the allegations and show that the representations were made to the identical person or persons named in the accusation." See *McElmurray v. State,* 76 Ga. App. 604 (47 SE2d 139). A partnership is not a person. See *Turnipseed v. State,* 53 Ga. App. 194 (185 SE 403). Under the ruling in the *McLendon* case, supra, the court erred in overruling the defendant's demurrer. All other proceedings were rendered nugatory and it is unnecessary to discuss the remaining assignments of error.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 25, 1962.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.
*Wm. B. Huff, Solicitor,* contra.