## LOWE *v.* THE STATE.

When one by "using any deceitful means or artful practice, other than those which are mentioned" specifically in the Penal Code, obtains the money or goods of another, the offense forbidden by Penal Code, § 670, is complete as soon as the owner is thus deprived of his property, and subsequent repentance and restitution on the part of the wrong-doer will constitute no bar to a prosecution against him.

Submitted July 16, — Decided August 8, 1900.

Indictment for cheating and swindling — certiorari.   Before
Judge Littlejohn.   Stewart superior court.   June 19 1900.

*B. F. Harrell & Son,* for plaintiff in error.
*F. A. Hooper, solicitor-general,* contra.

LEWIS, J.   The accused was tried before a jury in the county
court, under an indictment charging him with the offense of
cheating and swindling.   It alleged substantially that, by de-
ceitful means and artful practices, he falsely represented to one
Pugh that one Overby authorized accused to purchase for him
(Overby) a peck of apples of the value of forty cents, and two
pounds of candy of the value of twenty cents, and charge same
to the account of Overby ; that the statements and representa-
tions were false and fraudulent, and were made by accused for
the purpose of defrauding Pugh out of said merchandise, and
did defraud him in the amount named.   The jury returned a
verdict of guilty ; whereupon accused brought his petition for
certiorari to the superior court of said county, and excepts to
the judgment of the court refusing to sanction the same.

The only ground of error insisted on by counsel for the ac-
cused is that the verdict of the jury is contrary to the evidence,
in that the testimony showed the person alleged to have been
defrauded did not sustain any loss or injury, the goods being
sold on a credit and not intended as a cash sale, and having
been paid for before the finding of the indictment.   The evi-
dence for the State substantially made out the charges in the in-
dictment.   Obtaining the goods by false representations of the
accused as charged was proved.   Some time thereafter the sel-
ler of the goods asked payment of the man whom the accused
represented had given him authority to purchase the goods on
his account.   He was then informed that this person gave no
such authority whatever to the accused, and he refused to pay
the bill.   Several demands were thereafter made on the ac-
cused for the money, and he failed to pay the same.   Before
the indictment, however, and several months after the alleged
commission of the crime, the accused had a settlement with the
seller of the goods, and paid him his price therefor.   The ac-
cused is indicted under Penal Code, § 670, which declares:
" Any person using any deceitful means or artful practice, other

than those which are mentioned in this Code, by which an individual, or the public, is defrauded and cheated, shall be punished as for a misdemeanor." It does not require either a warrant or indictment to make an offense thereunder complete. It is complete when deceitful means or artful practices are used by which an individual or the public is defrauded and cheated. There is nothing in the contention of counsel that the goods were sold on a credit and not intended as a cash sale; for there was certainly no credit extended to the accused, but, upon the faith of his representations, to another party who was not responsible for the purchase. The crime, then, was certainly complete when the accused failed to pay for the goods after the prosecutor had become aware of his misrepresentations, and demanded payment of him, and thus being deprived of them and without receiving any pay therefor, for several months he was defrauded and cheated. The fact that he afterwards settled with the accused for the value of the goods is not pretended as a settlement of the crime that had been committed, even if the parties had authority to settle such a crime; but it must be construed simply as a settlement of a civil liability. It was perfectly legitimate, then, for the grand jury to afterwards find an indictment charging the accused with a violation of law upon the subject of cheating and swindling. This principle is decided in *Williams* v. *State*, 105 *Ga.* 606. It was there held that one who, for the purpose of deceiving another and obtaining a credit, makes a false and fraudulent representation to the effect that he has purchased and has become the owner of valuable property, and who in this manner defrauds the person to whom such representation is made, of money or other thing of value, is guilty of being a cheat and swindler; and a settlement between such wrong-doer and the person defrauded, made after the commission of the offense and the arrest of the former upon a warrant charging him therewith, constitutes no bar to his conviction thereof upon an indictment subsequently returned. It is true it appears in that case that a warrant had issued. In the opinion it was announced, in effect, that the restitution made by the accused did not relieve him of the consequences of his violation of the criminal statute, "which was complete before his arrest." The court added : " As well might

it be said that one guilty of a larceny could escape prosecution by returning the stolen goods after being arrested for the offense." Applying this principle to the facts in the present case, it follows that the court committed no error in refusing to sanction the petition for certiorari.

*Judgment affirmed. All the Justices concurring.*