1174.  HOLSEY *v.* THE STATE.

Although, under the Penal Code, § 225, "If any person shall wilfully ride
or drive any horse or mule belonging to another, without his consent,
he shall be guilty of a misdemeanor," nevertheless, if, after having so
ridden or driven the animal and after discovering that the owner of it

has made objection, the defendant offers to settle the matter by paying in full for the animal, and agrees with the owner on the price and terms, and a sale of the animal is thus effected, the transaction will so relate back as to give ratification of the owner to the driving of the animal, and thereby rob the offense of one of the essential elements, namely, the lack of the consent of the owner.

Accusation of misdemeanor, from city court of Moultrie—Judge McKenzie. April 22, 1908.

Submitted June 9,—Decided June 18, 1908.

*Alfred R. Kline, L. L. Moore, George R. Kline,* for plaintiff in error.

PowELL, J. The defendant, who did odd jobs around a livery stable, drove one of the horses on a certain Sunday without the consent of the proprietor. On the next day, when the proprietor discovered this fact, he gave the defendant the choice of taking a whipping or paying for the horse; the defendant chose the latter horn of the dilemma and bought the horse on satisfactory terms. Afterwards this prosecution was instituted and the defendant was convicted.

The old and well-recognized rule is that where one person interferes with the property of another and converts it to his own use, the latter, upon discovery of the fact, may elect to reclaim the property, treating the taking as wrongful, or he may waive the wrongful character of the taking and treat the matter as a purchase of the property by the taker, and sue him for the price. In the latter event the law looks upon the transaction just as if it were originally a regular sale between the parties. In the case at bar, when the owner of the animal discovered that it had been used,—that is to say, that the defendant had made a wrongful interference with it, and then took pay for the entire value of the animal, neither law nor justice should give the transaction any other interpretation than that it was the intention of the owner of the animal to acquiesce in the defendant's act of using it on the day before. Indeed, we think it may be said, as a general rule, that in no event will a prosecution under section 225 of the Penal Code lie, where, before the institution of the prosecution, the owner of the animal, either for or without a consideration, has given acquiescence, or, so to speak, ex post facto consent to the previously unauthorized use of his property. This ruling is to be taken, however, with the understanding that the principle is applicable only

in that class of cases where the offense involves no crime against society or good morals, but relates solely to the redressing of private-property wrongs. Of course the ex post facto consent of the owner could not render a larceny, with all its elements complete, any the less a crime; but as to the offenses of the nature involved in §225 of the Penal Code there is a different principle.

*Judgment reversed.*