CASE 6.—AMBROSE FERGUSON WAS INDICTED FOR OB-
    TAINING MONEY BY FALSE PRETENSES.——Oc-
    tober 20, 1909.

## Commonwealth v. Ferguson

Appeal from Morgan Circuit Court.

J. B. HANNAH, Circuit Judge.

Demurrer to indictment sustained and Common-
wealth appeals.—Reversed.

1   False Pretenses—Indictment.—Under Ky. St. 1909, Sec. 1208,
    making criminal the obtaining of money, property or other
    thing by false pretense, it is not necessary that the indict-
    ment charge that the person to whom the false pretense was
    made sustained any loss, and an indictment charging defend-
    ant with obtaining money by falsely representing that he was
    of age, and thereby inducing the prosecuting witnesses to pur-
    chase land of him, was not defective, though impliedly ad-
    mitting that the witnesses afterwards obtained a good title
    to the land.

2.  False Pretenses—Infants—Representation as to Age.—Under
    Ky. St. 1909, Sec. 1208, making criminal the obtaining of
    money, property or other thing by false pretenses, a state-
    ment by a minor that he is of age is a false statement, if
    made to induce another to enter into a contract that he would
    not have otherwise entered into, and the one to whom the
    statement is made is induced to, and does, part with his
    money or property on the faith of it.

JAS. BREATHITT, Attorney General, TOM B. McGREGOR, As-
sistant Attorney General, and JOHN W. WAUGH for Common-
wealth.

S. M. NICKELL and A. N. CISCO for appellee.
(No briefs—record out).

OPINION OF THE COURT BY JUDGE CARROLL—Revers-
ing.

The only question in this case is whether or not the lower court ruled correctly in sustaining a demurrer to the following indictment:

"The grand jury of Morgan county, in the name and by the authority of the Commonwealth of Kentucky, accuse Ambrose Ferguson of the crime of obtaining money by false pretense, committed as follows:

The said defendant, Ambrose Ferguson, on the 23d day of March, 1908, in the county and circuit aforesaid, did unlawfully, willfully and feloniously, and by falsely representing and pretending to K. S. Lykins and S. M. Freese that he, the said Ferguson, was 21 years of age on the 26th day of March, 1904, and able to contract for himself, and did thereby induce and procure the said Lykins to purchase and take conveyance from him (Ferguson) of a certain tract of land in Morgan county, Ky., and to pay him therefor the sum of $2,400, when in truth and in fact he was under 21 years of age at that time, and he·well knew same, and said statements and representations when so made by him were false and fraudulent, and known to him to be false at the time, and were made by him with the intention of defrauding the said Lykins and Freese, and that they did not get said land under the said conveyance, but were induced and did pay to the said Ferguson the sum of $2,400 believing and, by reason of said statements, not knowing the same to be false, against the peace and dignity of the Commonwealth of Kentucky."

We are not accurately advised as to the grounds upon which the demurrer was sustained. It may have been because the indictment failed to charge that Lykins and Freese suffered any loss by reason of

the fraudulent representations made to them by Ferguson, or upon the ground that a false statement made by an infant as to his age does not come within the statute.    But, whatever the reason that influenced the lower court, his ruling was erroneous, as in our opinion the indictment was sufficient.

It will be observed that the indictment charges that Lykins and Freese did not get the land under the conveyance made to them by Ferguson at the time they paid the $2,400, but impliedly admits that they afterwards obtained a good title to the land, and so we will assume that they did not suffer any loss.    It is not necessary that an indictment for false pretense shall charge that the person to whom the false pretense was made sustained any loss.    Section 1208 of the Kentucky Statutes, describing the crime of obtaining money or property by false pretenses, reads as follows:

"If any person by any false pretense, statement or token, with intention to commit a fraud, obtain from another money, property or other thing which may be the subject of larceny, or if he obtain by any false pretense, statement or token, with like intention, the signature of another to a writing, the false making whereof would be forgery, he shall be confined in the penitentiary not less than one nor more than five years."

Under this statute it is the obtention by fraudulent pretenses of money or property that may be the subject of larceny that constitutes the offense.    When the owner is induced to, and does, part with his property by reason of the false and fraudulent statement or pretense, the offense in this particular is completed.

It is wholly immaterial whether he actually or ultimately suffers a loss or not. If he should regain his property, or the person obtaining it or another should fully compensate him, it would not lessen the offense, or prevent the Commonwealth from prosecuting and convicting the offender.

Although this precise question has not, so far as our investigation goes, been heretofore passed upon by this court, it has often been considered by courts of last resort in other jurisdictions, and the rulings are entirely uniform. Thus, in People v. Genung, 11 Wend. (N. Y.) 18, 25 Am. Dec. 594, Genung by false pretenses procured Conly to sign a note. In passing upon an objection to the indictment similar to the one made in this case the court said:

"It was suggested upon the argument that the indictment was bad in not charging loss or prejudice to have been sustained by Conly. * * * The offense is complete when the signature is obtained by false pretenses with the intent to cheat or defraud another. It is not essential to the offense that actual loss or injury should be sustained."

In Commonwealth v. Coe, 115 Mass. 481, in considering a prosecution for obtaining money and property under false pretenses under a statute substantially like ours, the court said:

"The offense consists in obtaining property of another by false pretenses. The intent to defraud is the intent, by the use of false means, to induce another to part with his possession and confide it to the defendant, when he would not otherwise have done so. Neither the promise to repay, nor the intention to do so, will deprive the false and fraudulent act in obtaining it of its criminality. The offense is complete when the money or property has been obtained by

such means, and would not be purged by subsequent restoration or repayment."

In People v. Bryant, 119 Cal. 595, 51 Pac. 960, in disposing of a similar question, the court said:

"If a person is induced to part with his property by reason of fraudulent pretenses and misrepresentations, he is thereby defrauded of the property so parted with, even though he may eventually make himself whole in some manner not then contemplated. It is not necessary to show that the property has been absolutely lost to him in order to sustain the charge. He is defrauded of his property when he is induced to part with it by reason of the false and fraudulent pretenses and representations, and the offense is complete when by means of such false pretenses the fraud thereby intended is consummated by obtaining possession of the property sought, * * * notwithstanding the defrauded party may recover the value of the property in a civil action against him."

And so in the case of People v. Cook, 41 Hun (N. Y.) 67, the court said:

"In the case at bar the representations, alleged to have been made with intent to cheat and defraud the party who was thereby induced to part with his money, were that the note presented was made by a particular person, when in fact it was not, but was made by another having the same name. The obtaining money by such means was clearly within the statute, and the indictment contains all the elements of crime required by its provisions, although there is no allegation that the maker of the note was less responsible than the person represented as the maker. * * * The purpose of the statute is to protect against imposition, and not to permit guilt to depend upon the

Commonwealth v. Ferguson.

uncertainty of the determination of the question whether any pecuniary injury necessarily resulted in some view which might be taken of the situation."

Likewise, in Lowe v. State, 111 Ga. 650, 36 S. E. 856, it is said:

"The crime, then, was certainly complete when the accused failed to pay for the goods after the prosecutor had become aware of his misrepresentations, and demanded payment of him. * * * The fact that he afterwards settled with the accused for the value of the goods is not pretended as a settlement of the crime that had been committed, even if the parties had authority to settle such a crime; but it must be construed simply as a settlement of a civil liability, one, who for the purpose of deceiving another and obtaining credit, makes a false and fraudulent representation to the effect that he has purchased and has become the owner of valuable property, and who in this manner defrauds the person to whom the representation is made of money or other thing of value, is guilty of being a cheat and swindler; and a settlement between such wrongdoer and the person defrauded, made after the commission of the offense, and the arrest of the former upon a warrant charging him therewith, constitutes no bar to his conviction thereof upon an indictment subsequently returned. As well might it be said that one guilty of larceny could escape prosecution by returning the stolen goods after being arrested for the offense."

In Commonwealth v. Schwartz, 92 Ky. 510, 18 S. W. 775, 13 Ky. Law Rep. 929, 36 Am. St. Rep. 609, it was ruled that if a person obtains a loan of money from another by false pretense of an existing fact;

although he intends to repay it, he will be guilty of
the crime denounced by the statute.

It is equally clear that a statement made by a per-
son that he is over 21 years of age, when in fact, as
he well knows, he is not, is a false statement within
the meaning of the  statute, if  it be .made for the
fraudulent purpose of inducing a person to enter into
a contract or engagement that he would not have
entered into if he had known that the person was an
infant, and the person to whom the statement is made
is induced to, and does, part with his money or prop-
erty on the faith of it.   An infant's contract is voida-
.able at his election.   Generally speaking, he may or
may not perform it.   Persons who deal with an in-
fant may or may not suffer loss, depending upon the
election of the ·infant to perform  the  contract or
avoid it.   But whether loss is sustained or not is not
important, nor. is it material that the infant may be
estopped from relying on his infancy to defeat the
·contract.   It· is the fact that a false statement was
made to obtain the property, and that on the credit
of. it the property was obtained, that constitutes the
gist of the offense.   Whenever a person is induced to
.part. with his money or property by fraudulent and
false statements of existing or past facts, no matter
in what the fraudulent settlement consists, the stat-
ute has been violated.   The purpose of the law is to
suppress cheating and fraud.   It is a broad statute,
and embraces·all persons who "by any false pretense
statement or token, with the intention to commit a
fraud, obtain from.another money, property, or other
thing which may be the subject of larceny."  Lefler
v. State, 153 Ind. 82, 54 N. E. 439, 45 L. R. A. 424,
74 Am. St. Rep. 300; Barton v. People, 135 Ill. 405,

25 N. E. 776, 10 L. R. A. 302, 25 Am. St. Rep. 392; 2 Bishop's New Criminal Law, Sec. 414.

There is no exception in favor of infants. The infant of mature years is placed on the same footing as the adult. If an infant by falsely and fraudulently representing that he is the son of A., when in fact he is not, and this is unknown to C., who on the faith of his statement advances him money which he would not have done had he known the truth, he is guilty of the offense denounced. And so an infant who appears and represents himself to be of age, or makes any other false and fraudulent statement upon the faith and credit of which he obtains money or property, is equally guilty. In each case he has been enabled to procure the money or property by reason of the false statement. People v. Kendall, 25 Wend. (N. Y.) 399, 37 Am. Dec. 240. It is not important in what the false statement consists, so that it relates to some material past or existing fact, and is calculated to, and does, deceive. Bishop's New Criminal Law, Secs. 433-436; 2 Wharton's Criminal Law, Sec. 1186; Commonwealth v. Grady, 13 Bush, 285, 26 Am. Rep. 192; Commonwealth v. Haughey, 3 Metc. 223; Commonwealth v. Beckett, 119 Ky. 817, 84 S. W. 758, 27 Ky. Law Rep. 265, 68 L. R. A. 638, 115 Am. St. Rep. 285.

Wherefore the judgment is reversed, for proceedings consistent with this opinion.