### 2290. DAVIS *v.* THE STATE.

Where a defendant is charged with the criminal and fraudulent sale of mortgaged property, an instruction to the jury in the following language is erroneous: "Now if you believe that this defendant, in this county and this State, made a mortgage deeding personal property, and disposed of it,—if you believe that after having made a mortgage on it he sold it, and the piano had not been paid for, had not been paid for to the owner, who took the mortgage,—then that is a crime in Georgia. And if you believe it, find him guilty; if on the contrary, find him not guilty." The charge is erroneous, first, in that it omits reference to the defendant's fraudulent intent, and secondly, in that it fixes the venue of the crime at the place of the execution of the mortgage, whereas the law fixes it at the place of the sale of the mortgaged property.

Certiorari; from Fulton superior court—Judge Pendleton. December 9, 1909.

Submitted January 12,—Decided January 21, 1910.

*John A. Boykin,* for plaintiff in error.    *C. D. Hill, solicitor-general, Lowry Arnold, solicitor, D. K. Johnston,* contra.

POWELL, J. That the intention to defraud is an essential element in a prosecution for the sale of mortgaged property is too well

settled, by the express language of the code section creating the crime, as well as by the decisions of the court construing that section, to require any elaboration.   The venue in such cases is in the county where the fraudulent sale takes place, and not in the county where the mortgage was executed.   *Cody* v. *State, 69 Ga.* 743; *Ham* v. *State,* ante, 57 (66 S. E. 22). As to this feature of the case, we think that the indictment was sufficient (though ·perhaps ambiguous), since there was no special demurrer; and, as it was proved that the defendant lived in the county of the prosecution and that the property was located there at the time the mortgage was given, and that he still lived there at the time he admitted he had sold it, the jury would have been authorized to find that the venue was sufficiently established, under the principle deducible from the decision in *Johnson* v. *State, 62 Ga.* 299, 301; however, the testimony on the subject was not conclusive, and the charge of the court, which .was inconsistent with the law on the subject, tended to mislead the jury, and was materially erroneous as against the defendant.   Since there will probably be another trial, we deem it proper to say that the exception that the judge did not charge the jury as to the degree of proof necessary where the evidence is circumstantial is apparently meritorious.   The other exceptions in the record do not appear to be well taken.

*Judgment reversed.*