### 3861.  O'NEAL *v.* THE STATE.

HILL, C. J.  1. In an indictment for the offense of cheating and swindling by obtaining money through false and fraudulent statements and representations, the ownership of the money thus obtained and the name of the person cheated and defrauded should be stated; and the proof in support of these essential allegations must be in strict conformity therewith; otherwise the variance will be fatal.  2 Bishop's New Criminal Procedure, § 184.

2. An allegation in an indictment for cheating and swindling, that the person cheated and defrauded was Robert Hutchinson, is not supported by proof that the bank of which Robert Hutchinson was assistant cashier was cheated and defrauded by the presentation of a check to Hutchinson as such assistant cashier, accompanied by certain false and fraudulent representations relating to the check, which induced Hutchinson, as cashier, to cash the check out of the funds of the bank.  Under these facts the bank, and not Hutchinson as an individual, was cheated and defrauded.  The fact that Hutchinson subsequently discovered that the check cashed by him for the accused out of the money of the bank of which he was cashier was worthless, 'and that he had been deceived by the false representations made to him in reference thereto, and paid the loss thus incurred by the bank, did not change the character of the transaction.  The offense was complete when Hutchinson, as cashier, paid out the money of the bank for the worthless check, induced to do so by the false and fraudulent representations then made to him by the accused; and the subsequent act of Hutchinson in making good the loss to the bank did not have the legal effect of relating back to the time when the act of cheating and swindling was fully accomplished, and of making him the person cheated and defrauded.                    *Judgment reversed.*

DECIDED JANUARY 30, 1912.

Indictment for misdemeanor; from city court of LaGrange— Judge Harwell.  November 2, 1911.

The indictment alleged, in substance, that W. R. O'Neal "did defraud and cheat Robert Hutchinson in the sum and out of thirty dollars in money of the value of thirty dollars, by using the following deceitful means and artful practice, to wit: On said day and date said O'Neal presented to said Robert Hutchinson, assistant cashier of the LaGrange National Bank, a corporation, a check on the Third National Bank of Atlanta, for thirty dollars, and payable to order of said W. R. O'Neal, and purporting to be signed by W. J. O'Neal, for the purpose of having the same cashed, and the same was cashed at the said LaGrange National Bank by said Hutchinson, the said Hutchinson relying on the representation made by said W. R. O'Neal that said check was good and would be paid upon presentation; and, said Hutchinson believing that said check

was good and would be paid when presented to said Third National Bank of Atlanta, he, said Hutchinson, said assistant cashier, paid to said W. R. O'Neal said sum of thirty dollars, in money of value of thirty dollars on and for said check which was worthless and said W. R. O'Neal knew was worthless, and payment of said check was refused by said Third National Bank, no funds being in said Third National Bank subject to said check, all of which said W. R. O'Neal knew, and knowing his said representation to be false, which was false and intended to be false, and by reason of said false representation, said Hutchinson was defrauded and cheated as aforesaid in the sum of thirty dollars." It is admitted that the evidence proved all the allegations of the indictment except the allegation as to the person who was defrauded and cheated, and as to the ownership of the $30. The evidence as to ownership was that Robert Hutchinson, as assistant cashier, paid the check presented to him by the accused, "with the funds of the LaGrange National Bank;" that the $30 so paid was not his property, but was the property of the bank. The assistant cashier testified that after the check which he had cashed out of the funds of the bank had been returned to the bank, it remained in the cash drawer of the bank as a cash item against him, for about two days, and that then he took the $30 out of his pocket and "made it good to the bank;" that this was in accordance with the custom of the bank that where any loss accrued to the bank through his work, it was to be sustained by him. There was no printed rule on the subject, but the bank required him to make the loss good, where it occurred by his negligence or fault.

It is alleged that the court erred in refusing a timely written request of the defendant that the jury be instructed as follows: "If you find that the defendant defrauded the LaGrange National Bank by presenting to its officers this check in evidence, and you find that R. E. Hutchinson did not sustain a loss until after he had ascertained and knew the check was worthless (if it was worthless), and R. E. Hutchinson paid the check, knowing it was worthless at the time he paid it, then the defendant would not be guilty in this case."

*M. U. Mooty*, for plaintiff in error.

*Henry Reeves, solicitor,* contra.