6007. OLIVER *v.* THE STATE.

WADE, J. 1. When one, by using any deceitful means or artful practice other than those specifically mentioned in the Penal Code, obtains the money or goods of another, the offense defined in section 719 of the Penal Code of 1910 is complete as soon as the owner of the money or goods is thus deprived of his property. *Lowe* v. *State*, 111 *Ga.* 650 (36 S. E. 856). "The offense of obtaining property by false pretenses is complete when the property is obtained." 12 Am. & Eng. Enc. Law (2d ed.), 835 (7).

2. In an indictment for the offense of cheating and swindling by obtaining property through false and fraudulent statements, the ownership of the property thus obtained and the name of the person cheated and defrauded should be stated; and the proof in support of these essential allegations must be in strict conformity therewith, or the variance will be fatal. *O'Neal* v. *State*, 10 *Ga. App.* 474 (73 S. E. 696). •

3. An allegation in an accusation of cheating and swindling that the person cheated and defrauded was J. L. Seymour was not supported by proof that the goods alleged to have been fraudulently obtained by the defendant were obtained from S. Parham & Co., on the false representation made to them by the defendant that J. L. Seymour had instructed her to obtain certain goods from them, to be charged to his account, and that afterwards Seymour paid his account to S. Parham & Co., including the goods so obtained by the defendant, and thereby sustained loss by reason of the fact that he was never repaid the amount so paid to S. Parham & Co. The crime was complete when the defendant obtained the goods; and the subsequent act of Seymour in making good what would otherwise have been a loss to S. Parham & Co., notwithstanding he made the payment in ignorance of the manner in which the defendant had obtained the goods, did not have the legal effect of relating back to the time when the act of cheating and swindling was fully accomplished, and of making him the person defrauded. See *O'Neal* v. *State*, supra.

*Judgment reversed. Broyles, J., not presiding.*

DECIDED DECEMBER 9, 1914.

Accusation of cheating and swindling; from city court of Elberton—Judge Grogan. September 21, 1914.

The accusation charged that Georgia Oliver "did . . unlawfully, falsely, and fraudulently represent to S. Parham & Company . . that . . J. L. Seymour had instructed her, the said Georgia Oliver, to purchase from said S. Parham & Company certain goods of the value of $3.76, and to tell said S. Parham & Company to charge same to the account of said Seymour, when in truth and in fact she had received no such instructions from said Seymour; and, relying upon such false representations of said Georgia Oliver, said S. Parham & Company sold goods to said Georgia Oliver of the value of $3.76, and charged same to the account of .

said Seymour. Now these false and fraudulent representations were made by said Georgia Oliver with intent to deceive said S. Parham & Company and said Seymour, and with intent to defraud said Seymour, for that she well knew that said Seymour would pay for said goods along with his own account and never know that said Georgia Oliver had bought and received said goods; and said goods being so charged in the account of said Seymour were paid for by the latter without any knowledge on his part that the same had been so bought and received by said Georgia Oliver, and it was not until some time after having paid such account that said Seymour discovered same; whereby said J. L. Seymour was by the said Georgia Oliver cheated and defrauded, and sustained a loss in the sum of $3.76."

S. Parham testified, that Georgia Oliver came to the store of the firm of S. Parham & Company (of which he was a member), and said that Mr. J. L. Seymour sent her there to get certain goods and that Mr. Seymour said to charge them to his account; that on these representations he let her have goods to the amount of $3.76, and charged them on the account of J. L. Seymour, and J. L. Seymour paid for them. J. L. Seymour testified, that he did not authorize Georgia Oliver to purchase these goods; that they were included in an account which he paid without having it itemized and without knowledge that she had obtained the goods; that later he had the account itemized, and then for the first time discovered that these goods had been obtained by her; that he was never repaid the sum he had paid for the goods, and lost that sum by the transaction; that she never made any representation to him in the matter.

*J. T. Sisk,* for plaintiff in error. *Boozer Payne, solicitor,* contra.