### 13466. DUDLEY *v.* THE STATE.

BROYLES, C. J. 1. When considered in the light of the facts of the case and of the charge of the court as a whole, the instruction complained of contains no reversible error.

2. The venue of the offense was sufficiently shown, as the jury were authorized to find, from the evidence, that the defendant sold the property in question in the county where he was tried. See, in this connection, *Davis* v. *State*, 7 *Ga. App.* 332 (66 S. E. 960); *Womble* v. *State*, 107 *Ga.* 666 (3) (33 S. E. 630).

3. There is no merit in the ground of the motion for a new trial which alleges that the verdict was not agreed to freely and voluntarily by two of the jurors. The ground shows that after the verdict of guilty was returned the jury were polled, and that, while two of the jurors stated that they could not say that their verdict had been freely

and voluntarily made, they stated also that no influence by any of the jurors nor any outside influence had been used to obtain their consent to the verdict; that they were, however, in sympathy with the defendant and had reluctantly consented to the verdict, believing that under the law they could make no other verdict. These facts show merely that the jurors in question reluctantly agreed to the verdict, and that they were wrong in their conclusion that they had not freely and voluntarily agreed to it. See, in this connection, *Parker* v. *State*, 81 *Ga.* 332 (5) (6 S. E. 600). The facts of the case at bar easily distinguish it from *Ponder* v. *State*, 11 *Ga. App.* 60 (74 S. E. 715).

4. The ground of the motion for a new trial which complains of the failure of the court to instruct the jury upon the law of circumstantial evidence (no request therefor having been made) is too defective to be considered, since it is not alleged therein that the conviction of the defendant depended *entirely* upon circumstantial evidence.

5. The evidence authorized the jury to find that the defendant had sold some corn which he as a tenant had raised on the lands of his landlord, without having first paid the rent, and without the landlord's consent, and with the intent to defraud the landlord, and that the landlord suffered loss thereby.

6. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 13, 1922. REHEARING DENIED JULY 13, 1922.

Accusation of fraudulent sale by tenant; from city court of Dublin — Judge Sturgis. February 16, 1922.

*W. A. Dampier,* for plaintiff in error.

*William Brunson, solicitor,* contra.