31787. McELMURRAY v. THE STATE.

DECIDED MARCH 12, 1948.

*E. C. Collins, McDonald & McDonald,* for plaintiff in error.
*Harvey L. Jay, Solicitor-General,* contra.

MacIntyre, P. J. ■ In ground one of his demurrer the defendant contends that the indictment is defective in that it fails to allege ownership of the funds and money paid the defendant by the prosecutor, the person alleged to have been defrauded.

It seems to us that the unquestioned rule in a case of cheating and swindling is that an indictment charging the defendant with obtaining money or other property by means of false pretenses must correctly state the ownership in some person of such money or other property alleged to have been so obtained.

In *O'Neal* v. *State,* 10 *Ga. App.* 474 (1) (73 S. E. 696), it is said: "In an indictment for the offense of cheating and swindling by obtaining money through false and fraudulent statements and representations, the ownership of the money thus obtained and the name of the person cheated and defrauded should be stated; and the proof in support of these essential allegations must be in strict conformity therewith; otherwise the variance will be fatal." This principle is also announced in *Oliver* v. *State,* 15 *Ga. App.* 452 (2) (83 S. E. 641), and in 1 Wharton's Criminal Procedure, p. 872, § 646, citing in the footnote many cases both in this country and some in England as authority.

In *Green* v. *State,* 109 *Ga.* 536, 540 (35 S. E. 97), it is said: "We do not mean to say that this indictment is by any means perfect, or that a special demurrer raising the question as to whether the act alleged should not be described with greater

particularity would not have been well taken; but we are clear that as against the demurrers [one of which was a general demurrer] filed to the same the indictment was sufficient, and that there was no error in overruling the demurrers. It is a well-settled rule in this State, that the language of an indictment is to be interpreted liberally in favor of the State. Penal Code, § 929 [Code, § 27-701]; *Studstill* v. *State*, 7 *Ga.* 2, 16. It follows necessarily from this, that a demurrer raising special objections to an indictment should be strictly construed against the pleader." See *O'Brien* v. *State*, 109 *Ga.* 51, 52 (35 S. E. 112).

In the instant case, it is necessary for the State to allege in the indictment the ownership in some person of the money alleged to have been so obtained, and ground one of the defendant's demurrer is "that said indictment fails to allege ownership of the funds and money as to which it is alleged the prosecutor, H. Ross Rogers, was injured and damaged and which was alleged to have been paid by the prosecutor, H. Ross Rogers." Code § 26-7410 under which the defendant was indicted is: "Any person using any deceitful means or artful practice other than those mentioned in this Code by which an individual . . is defrauded and cheated shall be punished as for a misdemeanor." In *Scott* v. *State*, 53 *Ga. App.* 61, 66 (185 S. E. 131), the words used in the indictment to allege ownership are: "The accused did cheat, wrong, and defraud the said Georgia Power Company out of one hundred and fifty ($150.00) Dollars in money [then setting out the means used] . . and said company was thereby induced to part with $150.00 in money . . and said company was thereby defrauded of $150.00;" and this court held that the indictment as a whole was sufficient to withstand the demurrer that the ownership of the money was not set forth.

In *Guyton* v. *State*, 12 *Ga. App.* 562 (77 S. E. 830), in a larceny after trust case, the words used in the accusation to allege ownership in a named individual, Caesar Plummer, were that the property which was entrusted by Caesar Plummer to the defendant was fraudulently sold by him and converted to the defendant's own use "and thereby injuring and damaging affiant [Caesar Plummer] in said amount." The court held on demurrer that this was not a sufficient allegation of ownership in Caesar Plummer or any other person.

The words used in the instant case to allege ownership are that H. Ross Rogers "did pay him, the defendant, therefor [the property in question] the sum of $1925," and that the said H. Ross Rogers had been injured and damaged in the sum of $1925; thus the language in the present case is not in the language of the Code, that H. Ross Rogers had been "cheated and defrauded" of a stated sum of money, but that he had been injured and damaged in a stated sum of money. Without being cheated and defrauded, Rogers could have been injured and damaged as a result of the payment by him to the accused of the $1925 of some other person's money. Here the demurrer raised the objection that the indictment did not definitely put the defendant on sufficient notice as to whether he was charged with obtaining the money of H. Ross Rogers or that of someone else. Rogers might have paid him the money of someone else, and on account of some legal relationship or arrangement might have been forced to repay such third party and have been injured and damaged in such an amount, as was the case in *O'Neal* v. *State,* supra, where the money was paid by one person and yet the ownership was in another. See, in this connection, Rex *v.* Douglass, 1 Camp. 212 (170 English Reports, Full Reprint, 933). We do not think that the indictment as against the demurrer sufficiently alleges the ownership of the funds and money as to which the prosecutor, H. Ross Rogers, was alleged to have been injured and damaged, and which was alleged to have been paid by him to the accused. Therefore, we think that the demurrer to the indictment should have been sustained. We have considered the other grounds of the demurrer and find none of them meritorious.

■ In special grounds ten, eleven, twelve, thirteen, seventeen, and nineteen of the defendant's amended motion for new trial, he contends that the evidence fails to disclose the proper venue.

The evidence discloses that the representations were made to the prosecutor by the defendant in Wilcox County; the prosecutor mailed a check from Evans County to O. H. Thomas in Ben Hill County; Thomas received the check and then delivered it to the defendant in Irwin County, where the defendant cashed the check.

In *Kemp* v. *State,* 61 *Ga. App.* 337, 338 (6 S. E. 2d, 196), it

was held that the cashing of a draft or check is equivalent to procuring money from the prosecutor.

In *Dyas* v. *State,* 126 *Ga.* 556, it is said: "The venue for a prosecution, under the act of 1903, for cheating and swindling (Acts 1903, p. 90), is in the county where the advance is received. It follows that where the accusation lays the venue in one county, and the evidence discloses the advance to have been received in another county, the evidence does not support the verdict." See also *Davis* v. *State,* 7 *Ga. App.* 332 (66 S. E. 960) ; *Davis* v. *State,* 16 *Ga. App.* 162 (84 S. E. 596) ; *Davis* v. *State,* 20 *Ga. App.* 72 (92 S. E. 552) ; *Lowe* v. *State,* 111 *Ga.* 650 (36 S. E. 856).

We are of the opinion that the offense alleged in the indictment was consummated when the defendant received and cashed the check in Irwin County; therefore the venue for the prosecution is in Irwin County and not in Wilcox County. The trial judge erred in overruling these special grounds of the defendant's amended motion for new trial. See, in this connection, 43 A. L. R. 545, 547.

■ The indictment here is based upon Code § 26-7410. An indictment based upon this section must allege: (a) that representations were made; (b) that the representations related to existing fact· or a present event; (c) knowledge of the falsity of said representations; (d) that the representations alleged to have been made were made with intent to deceive and defraud; and (e) that they did deceive and defraud. *Goddard* v. *State,* 2 *Ga. App.* 154 (58 S. E. 304) ; *Jacobs* v. *State,* 4 *Ga. App.* 509, 513 (61 S. E. 924).

The defendant in writing requested the court to charge: "The State must prove that such representations were made by defendant knowing that they were false, and that they were made with the design of defrauding the prosecutor, H. Ross Rogers." The intent to defraud is the gist of the offense. *Moore* v. *State,* 11 *Ga. App.* 813 (76 S. E. 368) ; *McCard* v. *State,* 54 *Ga. App.* 339 (187 S. E. 850). "The court is not bound to charge in the exact language of the request; and a new trial will not be granted for refusing to charge as requested, when the charge given substantially covers the request, which request was not more specific in its application than was the charge as given." *Brown* v. *State,* 195 *Ga.* 430 (1) (24 S. E. 2d, 312). See also *Crawford* v. *State,*

117 *Ga.* 247, 252 (43 S. E. 762) ; *Berry* v. *State,* 153 *Ga.* 169, 173 (111 S. E. 669, 35 A. L. R. 370).

We think that the specific charge requested was legal and adjusted to a distinct matter at issue, would have materially aided the jury, and should have been given as requested, although in principle and in more general and abstract terms the charge may have been covered by other instructions given by the court. *Davis* v. *State,* 7 *Ga. App.* 332 (supra). The trial court erred in refusing to give such charge as requested.

■ The other special grounds of the motion for new trial as amended are not meritorious. The case being returned for a new trial, the general grounds of the motion will not be considered.

*Judgment reversed. Gardner and Townsend, JJ., concur.*