## 66637. PRATT v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, Randolph Pratt, appeals his conviction for the offense of forgery, first degree. He was also indicted as a habitual offender with three prior felony convictions — one for theft, and two for forgery. The victim of the instant forgery was the grandmother of the defendant with whom he lived. While she was absent from the house, the defendant, without her consent or knowledge, took a blank check from her checkbook, made it out in the amount of $40 to himself, and forged his grandmother's name. He cashed the check at a local pharmacy. His grandmother discovered the forgery when she received her cancelled checks. She did not call the police, but her granddaughter notified them. The officer who investigated advised Pratt of his Miranda rights and he admitted the offense. The grandmother testified that if Pratt had asked her for the money she probably would have given it to him. Pratt had repaid her. Both answers were stricken following objection. Defendant asserted the defenses of implied consent and ratification. He appeals the jury verdict and judgment of guilty. *Held:*

1. Error is enumerated in the trial court's denial of admission in evidence of the grandmother's testimony that she would have given him the money if he had asked; that he had repaid her; that she felt it was alright for him to get the check "but I would rather for him to ask me for it"; and, whether she would have given him permission to cash the check if he had asked for her permission.

Defendant has combined these four enumerations of error in arguing that the court should have allowed testimony of the grandmother that she ratified the act of the defendant after he had committed the crime and would have consented to the act beforehand if he would have asked.

A "criminal offense" is generally defined as an act committed in violation of a public statute forbidding it, and is an offense against the sovereign. 21 AmJur2d 115, Crim. Law, § 1. While the same act is a criminal offense against the State, it may also be a private wrong against an individual — a tort. The remedy for the private wrong is pursued in a civil proceeding at the discretion of the individual

wronged, whereas a criminal offender is proceeded against by the State. 22 CJS 11, Crim. Law, § 4. In the instant case, both the defendant and his grandmother admit that there was no prior consent. However, the defendant asserts "ratification" of his prior acts by his grandmother as a defense. Although the defendant and some Georgia cases state "ratification" is a defense (*Holsey v. State,* 4 Ga. App. 453 (61 SE 836); *McDilda v. State,* 85 Ga. App. 348, 353-354 (69 SE2d 627)), a more apt term would be "condonation." See generally 1 Burdick, The Law of Crime 244, § 191; 1 Wharton's Crim. Law & Procedure 268, § 125; 2 Brill, Cyclopedia Criminal Law 1445; 22 CJS 132, Crim. Law, § 41; 21 AmJur2d 345, Crim. Law, § 190. Because a crime is by definition a public wrong against the State, it is not usually an acceptable defense that the person wronged by a criminal has condoned the offense. Id. Neither repayment of the victim nor settlement between the defendant and victim will constitute a bar to conviction of the offender. *Williams v. State,* 105 Ga. 606 (2) (31 SE 546); *Lowe v. State,* 111 Ga. 650, 652 (36 SE 856).

Our Code requires that "[a]ll indictments or special presentments shall be submitted to and passed upon by a jury under the direction of the presiding judge unless there is a settlement of the case between the prosecutor and the defendant, which settlement shall be valid only by the approval and order of the court on examination into the merits of the case." OCGA § 17-8-2 (formerly Code § 27-1701). Our Court examined this Code section in *Childs v. State,* 118 Ga. App. 706, 707 (165 SE2d 577), in determining whether "a crime may be 'settled' between the parties." We found that once a crime had been committed and the defendant was making restitution to the defendant that this would not preclude the State from proceeding with a criminal prosecution. "The reason is that the State has expressly forbidden certain conduct and prescribed a penalty therefor and when the law is not observed the State is the party offended and may prosecute the offender." It was also noted that "[a]ll of the cases which have been called to our attention were cases which proceeded by indictment and therefore could not, in any event, be settled without court approval." Id. at 709-710. The cases cited by the defendant are distinguishable because of the unique facts, and in any event we are bound by the decisions of the Supreme Court that any "settlement between such a wrong-doer and the person defrauded, made after the commission of the offense and the arrest of the former upon a warrant charging him therewith, constitutes no bar to his conviction thereof upon an indictment subsequently returned." *Williams v. State,* 105 Ga. 606 (2), supra; *Lowe v. State,* 111 Ga. 650, supra. Once indictment occurs, OCGA § 17-8-2 (Code Ann. § 27-1701) applies, and the defendant and victim may not settle

the offense between themselves without approval of the court. See also OCGA § 51-11-20 (Code Ann. § 105-1901). Because the evidence excluded did not constitute a defense, its exclusion is not reversible error.

2. The defendant complains of statements made by the trial court in ruling upon questions posed to witnesses by his counsel. " 'The inhibition against an expression or intimation of opinion by the trial judge as to the facts of the case [Code Ann. § 81-1104 (now OCGA § 17-8-55)] does not extend to colloquies between the judge and counsel as to the admissibility of certain evidence, especially where the judge is ruling upon a point made by counsel for the accused.' *Waddell v. State,* 29 Ga. App. 33 (5) (113 SE 94); *Herndon v. State,* 45 Ga. App. 360 (4) (164 SE 478)." *Bradley v. State,* 137 Ga. App. 670 (8) (224 SE2d 778), U. S. cert. den. 429 U. S. 918 (97 SC 310, 50 LE2d 284).

3. The trial court did not err in refusing to charge on mistake of fact. We have found no evidence in the transcript which would justify the giving of such charge. Both the defendant and the victim testified that there was no prior consent or knowledge — indeed there was no discussion at all. There was no mistake of a fact — at best there was a misapprehension by the defendant as to what would occur when his crime was discovered. See Code Ann. § 26-705 (now OCGA § 16-3-5). And, as we have held in Division 1, supra, once indictment occurs, condonation by the victim is not an acceptable defense. See generally 22 CJS 182, Crim. Law, § 47; 21 AmJur2d 276, Crim. Law, § 141.

Further, "[w]hile a trial court is required to charge on a criminal defendant's sole defense of mistake of fact even absent a request to do so [cits.], such a charge is not required where, as here, it is not authorized by the evidence." *Gunter v. State,* 155 Ga. App. 176 (3) (270 SE2d 224).

4. The evidence was sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 8, 1983.

*Robert M. Bearden, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, G. F. Peterman III, Assistant District Attorneys,* for appellee.